**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

PHILLIP DEWAYNE STEWART                                                                PETITIONER
a/k/a SHAQUILE LEBRON ISRAEL

v.                                              4:22-cv-00253-LPR-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.      BACKGROUND**

Petitioner Phillip Dewayne Stewart brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*.  (Doc. No. 1.)  On February 23, 2012, Mr. Stewart was charged in the Circuit Court of Pulaski County, Arkansas, with failure to register as a sex offender.  (Doc. No. 14-1 at 1.)  He was charged as a habitual offender with four or more prior felony convictions.  (*Id*.)  Mr. Stewart entered a negotiated plea of guilty and was sentenced on June 28, 2012, to ten years' imprisonment, less 166 days of jail-time credit.  (*Id*. at 8-11.)

On August 23, 2012, Mr. Stewart filed a timely *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. (*Id*. at 18.) He sought to withdraw his guilty plea on the ground that the circuit court had not properly applied his sentence. (*Id*. at 20-21.) Specifically, he alleged that because his ten-year sentence was ordered to run concurrently with another ten-year sentence imposed in a separate case, the discharge date for the two sentences should have been the same. (*Id*.) On September 7, 2012, Mr. Stewart filed another Rule 37 petition, citing the same ground. (*Id*. at 24.) The circuit court did not dispose of either petition.

On June 30, 2015, Mr. Stewart filed in Pulaski County Circuit Court a *pro se* petition purportedly pursuant to the state habeas corpus statute. (*Id*. at 44.) He alleged his trial counsel was ineffective for advising him to plead guilty in exchange for a ten-year sentence, which Mr. Stewart believed was the maximum possible sentence. (*Id*. at 44-45.) The circuit court did not dispose of this petition. Mr. Stewart made this same allegation in another state habeas petition filed in Lincoln County Circuit Court on December 7, 2015. (Doc. No. 14-4 at 14-15.) The circuit court dismissed this petition, finding the allegation was not cognizable in state habeas. (*Id*. at 24-25.) Mr. Stewart filed two more state habeas petitions in Pulaski County Circuit Court in March 2016, in which he claimed he did not receive a timely first appearance. (Doc. No. 14-1 at 48-51.) *See State of Arkansas v. Phillip Dewayne Stewart*, 60CR-12-558, http://caseinfo.arcourts.gov. The circuit court denied these petitions, construing each as an untimely Rule 37 petition. (Doc. No. 14-1 at 56-58.)

Mr. Stewart filed the instant Petition for Writ of Habeas Corpus on January 10, 2022. (Doc. No. 1.) On that same date, he completed his ten-year sentence and was released from the

Arkansas Division of Correction.[1]  (Doc. No. 3.)  Mr. Stewart raises four claims for relief.  The first three, which he characterizes as prosecutorial misconduct, double jeopardy, and involuntariness of his guilty plea, all stem from his allegation that the prosecutor lied when representing to the trial court that one of Mr. Stewart's four prior felony convictions was for failure to register as a sex offender.  (Doc. No. 1 at 5, 7, 8.)  In his fourth claim, Mr. Stewart alleges he should have been given a mental examination to determine his competency to stand trial.  (*Id*. at 10.)  Respondent Dexter Payne, Director of the Arkansas Division of Correction, counters that all of Mr. Stewart's claims are inexcusably procedurally defaulted.  (Doc. No. 14 at 5-6.)  After careful consideration, I recommend relief be denied.  The Petition should be dismissed with prejudice.

## II.   ANALYSIS

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies.  *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")).  The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204

---

[1] Mr. Stewart's incarceration at the time his Petition was filed "is all the 'in custody' provision of 28 U.S.C. § 2254 requires."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Although the subsequent expiration of his sentence means some collateral consequence must exist in order to avoid mootness, "we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences."  *Id*. at 7-8.

(1950))) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981).  In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849.  In order to exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

When a state inmate fails to comply with the fair-presentment requirement, his or her claim will be procedurally defaulted.  *Id*.  If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'"  *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate:  (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Mr. Stewart failed to fairly present his claims in state court.  As set forth above, none of

his post-conviction petitions, whether styled as Rule 37 petitions or state habeas petitions, raised any sort of claim – prosecutorial misconduct, double jeopardy, involuntariness of the guilty plea, or otherwise – regarding the prosecutor's alleged misstatement about his criminal history. Nor did any of the petitions address Mr. Stewart's fitness to proceed. Moreover, it would be futile for Mr. Stewart to return to state court to present his claims now. Although his Rule 37 petitions have remained pending for years, they became moot when he was released from custody. *See Burns v. State*, 2022 Ark. App. 238 (citing *Bohanan v. State*, 336 Ark. 367, 985 S.W.2d 708 (1999)). Likewise, Mr. Stewart's release makes him ineligible for relief in state habeas. *See Anderson v. State*, 352 Ark. 36, 98 S.W.3d 403 (2003) (per curiam). Accordingly, there is an independent and adequate state-law ground for the conviction and sentence, and federal habeas review of the claims is barred unless Mr. Stewart can demonstrate an exception.[2]

The cause-and-prejudice exception requires a showing of "some objective factor external to the defense" that impeded development of the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Mr. Stewart makes no such showing. The miscarriage-of-justice exception is likewise unavailable. A petitioner who raises a gateway claim of actual innocence must establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *Weeks v. Bowersox*,

---

[2] In his Petition, Mr. Stewart mentions being denied a prompt first appearance following arrest. (Doc. No. 1 at 7-8.) To the extent he intends to raise this as a claim, it is also procedurally defaulted. Although he raised this claim in his two March 2016 state habeas petitions, the Pulaski County Circuit Court denied both on the basis that they were actually untimely Rule 37 petitions. Thus, the state court's dismissal of the claim was based on an adequate and independent state procedural rule. *See Harris v. Reed*, 489 U.S. 255, 260-62 (1989) (federal habeas review is barred where a state court judgment rests on a state law ground that is both independent of the merits of the federal claim and an adequate basis for the court's decision); *Green v. State*, 2016 Ark. 216, at 3, 492 S.W.3d 75, 77 (regardless of its label, a pleading that mounts a collateral attack on a judgment is governed by Rule 37).

119 F.3d 1342, 1351 (8th Cir. 1997). Mr. Stewart does not begin to cross the very high threshold of an actual-innocence gateway claim, as he does not point to any new evidence. Finally, the *Martinez* exception for substantial claims of ineffective assistance of trial counsel, which allows federal habeas review where there was no counsel or ineffective counsel in the initial-review collateral proceeding, is inapplicable, as Mr. Stewart does not raise an ineffective-assistance claim. *Martinez v. Ryan*, 566 U.S. 1 (2012).

For these reasons, Mr. Stewart's claims are inexcusably procedurally defaulted, and federal habeas review is barred.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Stewart has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Stewart's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

2. A certificate of appealability not be issued.

DATED this 21st day of June 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE